IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY HOBAN,

        Plaintiff,                    No. 2:10-cv-3159-JFM (PC)

        vs.

CLAUDIA GOODLOW, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This case was transferred from the Fresno Division of the Eastern District of California where petitioner's application to proceed in forma pauperis was granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1  28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
4  inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
5  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
7  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
9  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.
10  Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a
11  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
12  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
13  Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only
14  '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"
15  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964,
16  in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this
17  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
18  and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416
19  U.S. 232, 236 (1974).

20  The Civil Rights Act under which this action was filed provides as follows:
21  Every person who, under color of [state law] . . . subjects, or
   causes to be subjected, any citizen of the United States . . . to the
22  deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
23  law, suit in equity, or other proper proceeding for redress.

24  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
26  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

1  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
2  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
3  omits to perform an act which he is legally required to do that causes the deprivation of which
4  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5        In order to plead deliberate indifference, a prisoner must allege that prison
6  officials knew of and disregarded a substantial risk of serious harm to the prisoner. E.g., Farmer
7  v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In
8  Farmer, the Supreme Court defined a very strict standard which a plaintiff must meet in order to
9  establish "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even
10 civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so
11 obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a
12 reasonable person would have known of the risk or that a defendant should have known of the
13 risk. Id. at 842.

14       Here, plaintiff claims that as a result of defendant Cynthia Goodlow's negligent
15 decision to place plaintiff in the gymnasium at Kern County State Prison despite plaintiff's
16 medical condition, he has been receiving a diet ill-advised for his health problems in violation of
17 his Eight Amendment rights. Plaintiff maintains only that defendant Goodlow was negligent.
18 This is insufficient to state a claim of deliberate indifference.

19       Additionally, plaintiff names the California Department of Corrections and
20 Rehabilitation ("CDCR"). However, the Eleventh Amendment prohibits suits against
21 unconsenting states in federal court. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d
22 1050, 1053 (9th Cir. 1991). "[T]he Eleventh Amendment has long been construed to extend to
23 suits brought against a state by its own citizens, as well as by citizens of other states." Id.; see
24 also Tennessee v. Lane, 541 U.S. 509, 517 (2004). The Eleventh Amendment also bars suits
25 against state agencies. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S.
26 139, 144 (1993). Therefore, plaintiff may not maintain a cause of action against the CDCR.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: January 1, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;hoba3159.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY HOBAN,

        Plaintiff,               No. 2:10-cv-3159-JFM (PC)

    vs.

CLAUDIA GOODLOW, et al.,

        Defendants.        <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                                                          _____
                                                                          Plaintiff